UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KALI Z.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5411-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinion evidence, discounting her allegations, and assessing lay evidence.[1] (Dkt. # 21 at 2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

//

//

---

[1] Plaintiff also assigns error to the ALJ's assessment of her residual functional capacity ("RFC") and the step-five findings, but in doing so only reiterates arguments made elsewhere. (Dkt. # 21 at 17-18.) Thus, this assignment of error need not be addressed separately.

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1985, has a high school diploma, and has worked as a hand packager, newspaper carrier, and cannery worker. AR at 92-93, 288. Plaintiff was last gainfully employed in 2009. *Id.* at 288.

In November 2016, Plaintiff applied for benefits, alleging disability as of June 1, 2009. AR at 237-47, 250-55. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 158-66, 170-75. After the ALJ conducted hearings in November 2018 and March 2019 (*id.* at 67-131), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 42-54.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff has the following severe impairments: cervical degenerative disc disease, thoracic degenerative disc disease, left shoulder impingement syndrome, learning disorder, neurocognitive disorder, and avoidant personality disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

RFC: Plaintiff can perform light work with additional limitations: she can occasionally climb ladders, ropes, and scaffolds; crawl; and reach overhead with the non-dominant left arm. She can tolerate occasional exposure to vibration and extreme cold temperatures. She can understand, remember, and apply short and simple instructions; perform routine, predictable tasks, but not in a fast-paced, production-type environment; and make simple decisions. She can tolerate exposure to occasional, routine workplace changes and have occasional interaction with the general public.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

---

[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

AR at 42-54.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Assessing the Medical Opinion Evidence

The ALJ challenges the ALJ's assessment of certain medical opinion evidence, and the Court will address each disputed opinion in turn.

#### 1. Legal Standards[4]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### 2. Carla van Dam, Ph.D.

Dr. Van Dam performed a consultative psychological examination of Plaintiff in April 2017 and wrote a narrative report describing Plaintiff's symptoms and limitations. AR at 596-601. The ALJ summarized Dr. Van Dam's findings, including her conclusion that Plaintiff would not be able to work independently without support and supervision. *Id*. at 52. The ALJ found Dr. Van Dam's opinion to be "largely consistent with the medical record as a whole[,]" but disagreed with her conclusion regarding Plaintiff's ability to work independently, citing treatment notes showing Plaintiff to be alert and oriented; with intact memory, insight, and judgment; and adequate concentration and attention. *Id*. The ALJ also noted that Dr. Van Dam herself described Plaintiff as "very focused and exceptionally diligent." *Id*. (referencing *id*. at 600).

---

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

Plaintiff argues that the ALJ failed to adequately explain why he rejected Dr. Van Dam's conclusion regarding Plaintiff's ability to work independently, and the Court agrees. The normal mental status examination findings cited by the ALJ do not pertain to Plaintiff's ability to work independently, and thus do not constitute an inconsistency that would justify discounting Dr. Van Dam's conclusion. Furthermore, pointing to Dr. Van Dam's own findings as a reason to discount her conclusions is insufficient; the ALJ did not explain the basis for his contrary interpretation of Dr. Van Dam's findings. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Dr. Van Dam noted that Plaintiff required additional explanations to understand some of the testing, and she was exceptionally slow in answering certain questions, and these findings support Dr. Van Dam's conclusion that Plaintiff would be unable to work independently. AR at 598-99. The ALJ's failure to provide a legally sufficient reason to discount those findings and Dr. Van Dam's interpretation thereof amounts to legal error requiring remand.

### 3. *State Agency Opinion*

The ALJ gave significant weight to a State agency consultant's opinion as to Plaintiff's physical RFC, finding this opinion consistent with the objective medical evidence and the record as a whole. AR at 51-52 (citing *id*. at 152-54). Plaintiff contends that this opinion was not entitled to significant weight because the consultant did not have access to the entire record, but the ALJ explicitly considered the opinion in light of the updated records. *Id*. at 51-52. Furthermore, because Plaintiff has not shown that the consultant's opinion is inconsistent with all other evidence in the record, Plaintiff has not shown that the ALJ erred in crediting the State agency opinion. *See Andrews*, 53 F.3d at 1041.

### 4. *Opinions Predating the Adjudicated Period & Miscellaneous Evidence*

Plaintiff argues that the ALJ erred in failing to discuss medical opinions written years before she applied for disability. *See* AR at 371-82, 388-90. These opinions are not probative to the ALJ's determination of whether Plaintiff was disabled during the adjudicated period, and thus the ALJ did not err in failing to discuss them. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"). Plaintiff contends that there is no evidence that her condition ever improved after these opinions were written (dkt. # 21 at 5-6), but even if that is true, it does not impute relevance to opinions predating the adjudicated period.

Plaintiff also summarizes various medical findings that she admits do not address any particular functional limitation. (Dkt. # 21 at 6-8.) She has not identified any error related to this evidence and the Court need not address these findings further.

### B. The ALJ Erred in Discounting Plaintiff's Subjective Allegations

The ALJ discounted Plaintiff's subjective allegations because (1) her physical allegations are inconsistent with the objective medical evidence and her improvement with conservative treatment, (2) her mental allegations are inconsistent with examination findings, and (3) her activities are inconsistent with both her physical and mental allegations. AR at 47-51. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin,* 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Embedded in the ALJ's assessment of Plaintiff's allegations is the same error identified *supra* with respect to Dr. Van Dam's opinion. The ALJ cited evidence (AR at 51) that Plaintiff presented to appointments alert and oriented, with generally intact memory, insight, and judgment, but this evidence does not contradict most of the mental limitations Plaintiff

described. *See id*. at 47-48 (ALJ's summary of Plaintiff's allegations). Furthermore, the ALJ did not explain how any of Plaintiff's activities contradict any of her mental allegations (*id*. at 51), and neither does the Commissioner (dkt. # 22 at 3). Thus, the ALJ erred in relying on Plaintiff's activities to discount her mental allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Thus, because the ALJ's findings related to Plaintiff's mental allegations are erroneous, the Court directs the ALJ to reconsider Plaintiff's allegations on remand and either credit them or provide legally sufficient reasons to discount them.

**C.     The ALJ Must Address the Lay Evidence on Remand**

The record contains observations of an agency facilitator, Marilyn Meldrich, which the ALJ did not address in the decision. *See* AR at 279, 311-12, 327-28. On remand, the ALJ shall address Ms. Meldrich's observations.

The record also contains a statement from Plaintiff's mother, Sandra Medak. AR at 295-302. The ALJ found Ms. Medak's statement to be inconsistent with the medical record and unreliable for the same reasons Plaintiff's allegations were unpersuasive. *Id*. at 52. Because, as explained *supra*, the ALJ erred in assessing the medical record and Plaintiff's allegations and must reconsider those portions of the decision on remand, the ALJ should also reconsider Ms. Medak's statement in light of that reconsideration.

//

//

//

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[5] On remand, the ALJ should reconsider Dr. Van Dam's opinion, Plaintiff's allegations, the lay evidence, and any other part of the decision as necessary.

Dated this 21st day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[5] Although Plaintiff requests, in the alternative, a remand for a finding of disability (dkt. # 22 at 18-19), Plaintiff has not shown that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders that this case be remanded for further administrative proceedings.